760 So.2d 239 (2000)
Lenard PHILMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1559.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Robert S. Gershman of Gershman & Goldstein, P.A., West Palm Beach, for appellant.
*240 Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Lenard Philmore, appeals from his convictions and sentences for attempted first degree murder with a firearm and burglary of an occupied structure with a firearm. We affirm the trial court's denial of Philmore's motion to suppress and affirm his sentences under section 775.082(8), Florida Statutes (1997), which this court has found to be constitutional. See Smith v. State, 753 So.2d 575 (Fla. 4th DCA 1999); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999), review granted, No. SC96713, 761 So.2d 331 (Fla. Apr.12, 2000); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999).
On his two convictions Philmore was sentenced under the Prison Releasee Reoffender Act to two life terms to run consecutively. Philmore asserts and the state concedes that the consecutive sentences were error. In Hale v. State, 630 So.2d 521 (Fla.1993), the supreme court held that once the sentences for multiple crimes committed during a single criminal episode have been enhanced, then the total penalty may not be further increased by ordering that they run consecutively. As Philmore's sentence was enhanced under the Prison Releasee Reoffender Act, his sentences should run concurrently. We remand to the trial court to correct the sentence.
AFFIRMED IN PART AND REMAND FOR CORRECTION OF SENTENCE.
KLEIN, STEVENSON and HAZOURI, JJ., concur.