757 So.2d 1288 (2000)
Patrick John McINTYRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1777.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Patrick John McIntyre timely appeals after a jury convicted him of first degree murder (Count I), burglary of a dwelling with assault while armed (Count II), armed arson (Count III), petty theft with a weapon (lesser included of Count IV), and felony cruelty to animals (Count V). He was sentenced to life in prison without parole on Count I; life on Counts II and III, to run consecutive to Count I, as a prison releasee reoffender under Florida Statutes, section 775.082(9) (1997); one year on Count IV and five years on Count V, both to run consecutive to Count I. As the state concedes, because the sentences imposed in Counts II and III arose from only one criminal episode, the court should not have imposed consecutive life sentences against him. See Hale v. State, 630 So.2d 521 (Fla.1993). Accordingly, we reverse McIntyre's sentences in Counts II and III and remand with instructions that his sentences be ordered to run concurrent with his life sentence in Count I.
McIntyre also challenges the constitutionality of the Prison Releasee Reoffender Punishment Act. While we reject his challenges, see Simmons v. State, 755 So.2d 682 (Fla. 4th 1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla.1999); as we did in Simmons, we certify the following question as one of great public importance:
Does the Prison Releasee Reoffender Punishment Act, codified as section 775.082(8), Florida Statutes (1997), violate *1289 the separation of powers clause of the Florida Constitution?
As to the remaining issues he raises on appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
STONE, POLEN and GROSS, JJ., concur.