773 So.2d 1278 (2000)
Lorenzo SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-562.
District Court of Appeal of Florida, Fifth District.
December 29, 2000.
*1279 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Appellant, Lorenzo Smith ["Smith"], was found guilty of attempted second-degree murder; burglary of a structure while armed; robbery with a firearm; and false imprisonment. On appeal, he contests the homicide conviction.[1] We reverse.
On July 14, 1999, Mohammed Rashid ["Rashid"] was working as a night clerk at the Econo Lodge in Osceola, Florida. He testified that around 4:30 a.m., while returning to the front desk from the rest-room, he was attacked by Smith. Rashid testified that Smith grabbed his neck and shot him in the shoulder. Smith then dragged Rashid to the back office where Smith took the register key and wallet from Rashid's pocket. When Smith left the room to search for the register key, Rashid dialed 911 and placed the phone on the counter without speaking to the operator. Rashid testified that Smith dragged him to the safe and demanded the key, which Rashid did not have. Smith told Rashid that he would kill him if he did not give Smith the key. Smith took $350 from the register and $25 from his wallet. Fortunately, before he could escape, the police arrived and apprehended Smith.
Smith complains that while instructing the jury as to Smith's charge of attempted second-degree murder, the trial judge stated only that "an attempted killing that is excusable or was committed by the use of justifiable deadly force is lawful." The trial judge did not instruct the jury as to the definitions of justifiable and excusable homicide. It appears from the record that defense counsel agreed that an instruction on manslaughter would be omitted but there was no agreement that the definitions of justifiable and excusable homicide would not be read. While Smith did not object to the instruction at the trial level, he argues on appeal that failure to state the complete instruction is fundamental error and the conviction must be reversed. It appears clear that he is correct.
In all murder and manslaughter cases, the jury must be instructed as to the definitions of justifiable and excusable homicide. See Hall v. State, 677 So.2d 1353 (Fla. 5th DCA 1996), review granted, 687 So.2d 1303 (Fla.1997); Thurston v. State, 762 So.2d 558 (Fla. 4th DCA 2000). Failure to give the justifiable and excusable *1280 homicide instruction is fundamental error, see Van Loan v. State, 736 So.2d 803 (Fla. 2d DCA 1999), even if the defendant did not request the instruction because the jury must be fully instructed as to what constitutes lawful versus unlawful acts. A defendant's request that the court forego instructing the jury as to the lesser included offenses cannot be construed as a specific waiver of the justifiable and excusable homicide instruction. See Hall, 677 So.2d 1353.
The state urges that the failure to give the full instruction is harmless error because the excusable and justifiable homicide instruction is inconsistent with the defense presented, which was that he was not the perpetrator. However, case law does not allow for this exception. In Lucas v. State, 630 So.2d 597 (Fla. 1st DCA 1993), the defendant was charged with attempted second-degree murder, armed robbery, kidnaping and sexual battery. His sole defense was that, although the crimes had occurred, he was not the perpetrator. The defense requested an instruction on attempted manslaughter as a category one lesser included offense of attempted second-degree murder, but the trial court failed to refer to justifiable or excusable homicide. The defendant was convicted of attempted second-degree murder. The district court held that the failure to explain justifiable and excusable homicide as part of the attempted manslaughter instruction was fundamental error. The conviction was reversed and the question certified. The Supreme Court approved the decision holding that "the failure to give a complete initial instruction on manslaughter constitutes fundamental reversible error when the defendant is convicted of either manslaughter or a greater offense not more than one step removed." State v. Lucas, 645 So.2d 425, 427 (Fla.1994). See also Black v. State, 695 So.2d 459 (Fla. 1st DCA 1997).[2]
REVERSED and REMANDED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] Appellant's additional issues on appeal will not be discussed as they have already been decided. See Brown v. State, 25 Fla.L. Weekly S792, ___ So.2d ___, 2000 WL 1472598 (Fla. Oct. 5, 2000) (the crime of attempted second degree murder exists); see State v. Cotton, 769 So.2d 345 (Fla.2000); Grant v. State, 770 So.2d 655 (Fla.2000); Slater v. State, 769 So.2d 512 (Fla. 5th DCA 2000) (prison releasee reoffender act is constitutional).
[2] Smith is also correct that it was error for the trial court to impose consecutive terms on the sentences that were enhanced through the prison releasee reoffender act. In Hale v. State, 630 So.2d 521 (Fla.1993), the Supreme Court held that once a defendant's sentences for multiple crimes committed during a single incident were enhanced through the habitual felony offender statutes, the total penalty could not be further increased by imposing consecutive sentences. The holding in Hale appears applicable to sentences enhanced through the prison releasee reoffender act. Philmore v. State, 760 So.2d 239 (Fla. 4th DCA 2000); McIntyre v. State, 757 So.2d 1288 (Fla. 4th DCA), review dismissed, 767 So.2d 458 (Fla.2000).