789 So.2d 1087 (2001)
Glenn SPIVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2470.
District Court of Appeal of Florida, Second District.
June 20, 2001.
*1088 James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Glenn Spivey appeals his sentences as a violent career criminal for a series of crimes he committed on February 4, 2000. He argues that the crimes occurred in a single criminal episode, and therefore the trial court erred in imposing three consecutive violent career criminal sentences. See Hale v. State, 630 So.2d 521 (Fla. 1993).[1] We conclude that Mr. Spivey's offenses encompassed two criminal episodes, not three. Therefore, we affirm the judgments and sentences except for the consecutive sentence imposed on count six. That sentence must run concurrently with the sentences imposed in counts three, four, and five.
About 12:45 a.m., on February 4, 2000, Mr. Spivey attempted to enter a convenience store. The store had experienced difficulties with Mr. Spivey earlier in the evening and, thus, the security guard blocked Mr. Spivey's entry into the store. Mr. Spivey, who admitted that he was drunk and under the influence of marijuana, pushed the guard, pulled out a small knife, and threatened the guard. The guard sprayed him in the face with pepper spray, and Mr. Spivey wandered down the street.
Coincidentally, a neighborhood police officer pulled his car into the store parking lot almost immediately after these events. The security guard told the officer what had happened. The officer pulled out of the convenience store lot and could see Mr. Spivey stumbling down the street. Mr. Spivey's eyes were watering and he seemed disoriented. When the officer parked his car and approached Mr. Spivey to question him, Mr. Spivey refused to stop. The officer grabbed Mr. Spivey's arm and told him he was not free to leave, and a fight ensued. The officer attempted to subdue Mr. Spivey with the aid of his night stick, but Mr. Spivey successfully knocked the stick out of the police officer's hand. Thanks in part to the help of a citizen who witnessed the fray, the officer was finally able to subdue Mr. Spivey and put him in the back of the police car. From the back seat, Mr. Spivey continued to verbally abuse the officer, and when the *1089 first opportunity presented itself, he spat in the officer's face.
A jury convicted Mr. Spivey of six offenses. His guidelines scoresheet permitted a sentence of about five years' incarceration, but Mr. Spivey qualified for treatment as a prison releasee reoffender and as a violent career criminal. Accordingly, the trial court imposed lengthy sentences. For the events at the convenience store, the jury convicted Mr. Spivey of aggravated assault and the misdemeanor of simple battery. The trial court imposed a sentence of fifteen years' imprisonment as a violent career criminal pursuant to section 775.084(4)(c), Florida Statutes (1999), on the aggravated assault. For fighting with the police officer, the jury convicted Mr. Spivey of battery on a law enforcement officer, depriving an officer of his weapon, and resisting an officer with violence. He received concurrent sentences for these offenses, the longest of which was fifteen years' imprisonment as a violent career criminal. The trial court imposed these sentences consecutive to the offenses occurring at the convenience store, because it found that these offenses against the officer involved a separate criminal episode. See Hale, 630 So.2d at 525. We conclude that the trial court had the authority to treat these two events separately because they involved different victims at different locations with a temporal break, albeit brief, between them. See Smith v. State, 632 So.2d 95 (Fla. 2d DCA 1994).
The trial court, however, decided that the act of spitting on the police officer was an episode separate from the other charges involving the officer. Accordingly, the trial court imposed another fifteen-year sentence of imprisonment for this "battery" on a police officer. See Tipton v. State, 97 So.2d 277 (Fla.1957). We conclude that based upon the undisputed facts, Mr. Spivey's spitting on the police officer was a final act of disobedience within one criminal episode involving Mr. Spivey's resistance to the police officer, the crime charged in count five. See Wilson v. State, 467 So.2d 996 (Fla.1985); Macias v. State, 673 So.2d 176 (Fla. 4th DCA 1996). Accordingly, the sentence for count six should run concurrently with counts three, four, and five, the other crimes involving the police officer. The net effect of this reversal will be to reduce the total sentence from forty-five years' imprisonment to thirty years' imprisonment.
Affirmed in part, reversed in part, and remanded.
FULMER and SALCINES, JJ., Concur.
NOTES
[1] In Hale v. State, 630 So.2d 521 (Fla.1993), the supreme court held that sentences enhanced under the habitual felony offender statute, section 775.084(1)(b), Florida Statutes (1991), must run concurrently if they are imposed upon convictions arising from a single criminal episode. See also Daniels v. State, 595 So.2d 952 (Fla.1992) (applying same principles to sentences as habitual violent felony offender). Hale's prohibition against enhanced, consecutive sentences has also been applied in the context of prison releasee reoffender sentences. See § 775.082(9), Fla. Stat. (1997); Philmore v. State, 760 So.2d 239 (Fla. 4th DCA 2000). Although we have found no case specifically applying Hale in the context of violent career criminal sanctions, we find that the same principles apply. The State does not argue to the contrary. Violent career criminal sanctions appear as a separate subsection in section 775.084, which addresses habitual felony offenders and habitual violent felony offenders. These sanctions also act to enhance a sentence, and nothing in this subsection of the statute indicates a legislative intent to allow a trial court to both enhance a sentence and then further increase the punishment through consecutive sentences for the same criminal episode.