800 So.2d 703 (2001)
Lorenzo SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1266.
District Court of Appeal of Florida, Fifth District.
November 30, 2001.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Lorenzo Smith appeals the sentences imposed at resentencing following his original appeal. Smith v. State, 773 So.2d 1278 (Fla. 5th DCA 2000) (Smith I). Smith was originally found guilty of attempted second degree murder (count I); burglary of a structure while armed (count II); robbery with a firearm (count III); and false imprisonment (count IV). Smith was sentenced to 30 years in prison on count I; life on counts II and III; and 10 years on count IV. Each sentence was consecutive to the others and Smith was classified a prison releasee offender on counts I, II and III. In Smith I, we reversed Smith's conviction for attempted second degree murder and remanded the matter to the trial court.
On remand, the State dismissed the attempted second degree murder charge and asked the court to reimpose the same sentences it had originally imposed on the remaining counts. Defense counsel objected to the imposition of consecutive prison releasee reoffender sentences and noted that in our original opinion we said:
Smith is also correct that it was error for the trial court to impose consecutive terms on the sentences that were enhanced through the prison releasee reoffender act. In Hale v. State, 630 So.2d 521 (Fla.1993), the Supreme Court held that once a defendant's sentences for multiple crimes committed during a single incident were enhanced through the habitual felony offender statutes, the total penalty could not be further increased by imposing consecutive sentences. The holding in Hale appears applicable to sentences enhanced *704 through the prison releasee reoffender act. Philmore v. State, 760 So.2d 239 (Fla. 4th DCA 2000); McIntyre v. State, 757 So.2d 1288 (Fla. 4th DCA), review dismissed, 767 So.2d 458 (Fla.2000).
Smith, 773 So.2d at 1280, n. 2.
Despite this statement in Smith I, at the State's urging, the court again imposed the same consecutive prison releasee reoffender sentences.[1] As we said in Smith I, the holding in Hale v. State, 630 So.2d 521 (Fla.1993) precludes consecutive prison releasee reoffender sentences arising from a single criminal episode. Accordingly, we reverse Smith's sentences on counts III and IV with directions that the trial court amend those sentences so that they run concurrently with Smith's life sentence in count II. Because this is a purely ministerial act, Smith need not be present. See Suggs v. State, 681 So.2d 870 (Fla. 5th DCA 1996); see also Windisch v. State, 709 So.2d 606 (Fla. 2d DCA 1998); Brown v. State, 647 So.2d 333 (Fla. 3d DCA 1994).
REVERSED AND REMANDED FOR CORRECTION OF SENTENCE.
THOMPSON, C.J. and PALMER, J., concur.
NOTES
[1] At resentencing the State argued that because the statement quoted above was contained in a footnote, it was dictum and not an essential holding of the case. That argument is not only incorrect but ignores the clear holdings of Philmore and McIntyre.