824 So.2d 263 (2002)
Benjamin R. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2025.
District Court of Appeal of Florida, Second District.
August 14, 2002.
WHATLEY, Judge.
Benjamin Smith challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida *264 Rule of Criminal Procedure 3.800(a). We reverse the order of the trial court and remand for further proceedings.
Smith alleged that his consecutive prison releasee reoffender sentences, imposed pursuant to section 775.082(9), Florida Statutes (1999), are illegal because they were part of a single criminal episode. The Fourth and Fifth Districts have held that Hale v. State, 630 So.2d 521 (Fla. 1993), precludes consecutive prison releasee reoffender sentences arising from a single criminal episode. Smith v. State, 800 So.2d 703 (Fla. 5th DCA 2001); Philmore v. State, 760 So.2d 239 (Fla. 4th DCA 2000). This court has implicitly concluded that a defendant cannot be sentenced to consecutive prison releasee reoffender sentences arising from a single criminal episode. See Spivey v. State, 789 So.2d 1087, 1088 n. 1 (Fla. 2d DCA 2001); Jones v. State, 779 So.2d 459, 460 (Fla. 2d DCA 2000). We now align ourselves with the Fourth and Fifth Districts and affirmatively hold the same.
Smith's claim is properly raised in a postconviction motion. See Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000) (holding that defendant must raise his claim that his consecutive prison releasee reoffender sentences are improper in postconviction proceedings where he did not preserve the issue for direct appeal).
Appellant alleged that his claim could be determined from the face of the record, and he, therefore, presented a cognizable rule 3.800(a) claim. See Wilson v. State, 802 So.2d 360 (Fla. 2d DCA 2001). Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion. Should the trial court determine that Smith's claim cannot be resolved without resort to extrarecord facts, Smith may raise his claim in a timely filed, properly sworn, facially sufficient motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Reversed and remanded.
ALTENBERND and SALCINES, JJ., Concur.