876 So.2d 658 (2004)
Leonardo GONZALEZ, Appellant/Cross Appellee,
v.
The STATE of Florida, Appellee/Cross-appellant.
No. 3D02-2544.
District Court of Appeal of Florida, Third District.
June 23, 2004.
*659 Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant/cross-appellee.
Charles J. Crist, Attorney General, and Barbara Zappi, (Ft.Lauderdale), Assistant Attorney General for appellee/cross-appellant.
Before SHEVIN, RAMIREZ and WELLS, JJ.
WELLS, Judge.
Leonardo Gonzalez appeals his criminal convictions and sentences. We find no merit to Gonzalez' overriding claim that the trial court's failure to appoint two experts to evaluate his competency as required by Florida Rule of Criminal Procedure 3.210(b) mandates reversal. As outlined below, because the error was not properly preserved, and is not fundamental, we find no basis for relief as to that claim. We do, however, agree with several of the remaining points raised by the defendant.
Gonzalez was charged by information with two counts of attempted first-degree murder (Counts I and II) and one count of burglary with assault (Count III). Gonzalez entered into a negotiated plea, which *660 he subsequently withdrew, against the advice of counsel. Thereafter, in response to counsel's claim that Gonzalez was hearing voices, the trial court ordered a competency hearing and appointed two experts to evaluate him. Both experts concluded that Gonzalez was incompetent to proceed, but also pointed to possible malingering. Following a hearing held on May 4, 2001, the trial court ruled Gonzalez competent to stand trial.
Some months later, on September 25, 2001, with Gonzalez' trial yet to begin, defense counsel filed a second motion for a competency examination and again requested two experts to evaluate Gonzalez. That motion outlined Gonzalez' mental deterioration, including his auditory and visual hallucinations and suicidal tendencies. At the November 27, 2001 hearing on that motion, defense counsel pointed to emergency mental health treatment Gonzalez had received after the motion had been filed. Counsel argued that Gonzalez was not able to communicate effectively about the case and renewed his request for a second rule 3.210(b) competency hearing.
The motion was granted. See Brockman v. State, 852 So.2d 330, 333-34 (Fla. 2d DCA 2003)(observing that "[e]ven if a defendant has previously been declared competent, the trial court must hold another competency proceeding if a bona fide doubt is raised as to the defendant's continued competence"); Kothman v. State, 442 So.2d 357, 359 (Fla. 1st DCA 1983)(observing that "[o]nce the judge is presented with reasonable grounds to believe a defendant may not have sufficient present ability to consult with his attorney and aid in the preparation of his defense with a reasonable degree of understanding ... he must order a hearing and examination" for purpose of determining whether the defendant is competent to stand trial). However, the trial court named only one potential expert and indicated that it had not yet decided on the second expert. At the subsequent competency hearing, defense counsel noted that he had received a report from only one expert, Dr. Harrison, and that Gonzalez was entitled to two experts. When the prosecutor informed the trial court that Gonzalez had been evaluated by two experts some months earlier and that Dr. Harrison had been appointed as "the tie breaker," defense counsel raised no objection and, in fact, participated in the hearing, during which the court ruled Gonzalez competent.
Gonzalez was subsequently found guilty of attempted second-degree murder of Mabel Martinez (Count I), guilty of aggravated battery of James Hurley (Count II), and "guilty as charged in the information of the offense of: burglary with intent to assault occupant, in violation of f.s. 810.02" (Count III). The trial court sentenced Gonzalez as a prison releasee reoffender (PRR) to a term of fifteen years on Counts I, fifteen years on Count II, and to life imprisonment on Count III. The trial judge initially ordered the three sentences to run consecutively, however in response to defendant's motion to correct sentencing error, the fifteen year sentence on Count I and the life term on Count III were ordered to run concurrently. The fifteen year sentence on Count II remained a consecutive sentence as initially ordered.
While we agree with Gonzalez that the trial court's failure to appoint two experts to evaluate him for the second competency hearing was error, it is not a fundamental error that may be urged in the absence of an objection. See D'Oleo-Valdez v. State, 531 So.2d 1347, 1348 (Fla.1988) (concluding that the failure to appoint a second expert to determine a defendant's competency, while error, is not fundamental error that would support reversal *661 absent an objection below). Thus, we reject Gonzalez' claim in this regard.
We do, however, agree with Gonzalez' argument that the trial court erred in imposing a life sentence on Count III for "burglary with assault." The jury verdict form found Gonzalez: "[g]uilty as charged in the information of the offense of: burglary with intent to assault occupant, in violation of F.S. 810.02." Both the United States Supreme Court and the Florida Supreme Court require specific jury findings of any fact that increases the penalty for a crime beyond its prescribed statutory maximum. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984). Under Florida's burglary statute, findings that the place burglarized was a "dwelling," that the offender is or became "armed" with explosives or a dangerous weapon, or that an "assault" occurred during the course of the burglary are aggravating circumstances that increase the penalty beyond the statutory maximum sentence prescribed for simple burglary. See § 810.02, Fla. Stat. (1997). The jury must make specific findings of such aggravating circumstances before an increased penalty may be imposed. See Bottoson v. Moore, 833 So.2d 693, 709 n. 21 (Fla.2002) (Anstead, C.J., concurring) ("[i]f the jury finds that the state has proved a particular aggravating circumstance beyond a reasonable doubt, they are required to find the defendant guilty of the enhanced crime, such as `burglary with an assault,' `burglary while armed,' `burglary of a dwelling,' or `burglary of a structure with a human being in the structure.'") (citation omitted); Wise v. State, 576 So.2d 428, 429 (Fla. 4 DCA 1991)(concluding that defendant was not subject to enhanced sentence for burglary of dwelling with intent to commit assault, in the absence of a jury finding that an assault had actually occurred).
In this case, the jury's verdict, finding defendant guilty of "burglary with intent to assault occupant" made no such specific findings. Moreover, contrary to the State's assertion otherwise, that part of the verdict form finding Gonzalez "[g]uilty as charged in the information" cannot be utilized to provide the missing necessary determination. See State v. Tripp, 642 So.2d 728, 730 (Fla.1994)(observing that "[t]he special verdict form  not allegations in an information"  indicates a penalty increasing fact). Thus, Gonzalez' life sentence for "burglary with assault" must be vacated, and he must be re-sentenced for simple burglary.
Additionally, as defendant argues, application of the Prison Releasee Reoffender Act to this count cannot stand. The jury made no specific finding as to occupancy or use of force, one of which was required to support application of the Act. See Weems v. State, 795 So.2d 122, 125 (Fla. 1st DCA 2001)(concluding that PRR sentence had to be vacated where it was not supported by specific jury findings). Thus, we remand the case for the trial judge to sentence Gonzalez under the appropriate guidelines for Count III, simple burglary, in conformity with the jury's verdict.
Having disposed of Count III in this manner[1], the final point we address is Gonzalez' argument that Count II should have been ordered to run concurrent to the other PRR sentences imposed (i.e. now, solely Count I). Because the facts of *662 this case clearly demonstrate that the PRR sentences at issue resulted from a single criminal episode, we agree with the defendant and join with those districts that have uniformly concluded that "[a] defendant cannot be sentenced to consecutive Prison Releasee Reoffender sentences for offenses arising from a single criminal episode." Rodriguez v. State, 835 So.2d 1172, 1173 (Fla. 2d DCA 2002); see also Robinson v. State, 829 So.2d 984, 985 (Fla. 1st DCA 2002)("where the crimes are part of a single criminal episode ... this situation ... preclude[s] consecutive sentences for prison releasee reoffenders"); Williams v. State, 804 So.2d 572, 573 (Fla. 5th DCA 2002)(concluding "[c]onsecutive sentences for crimes arising from the same criminal episode under the PRR Act are not permitted"); Smith v. State, 800 So.2d 703, 704 (Fla. 5th DCA 2001); Durr v. State, 773 So.2d 644, 646 (Fla. 5th DCA 2000); Philmore v. State, 760 So.2d 239, 240 (Fla. 4th DCA 2000)(noting that "once the sentences for multiple crimes committed during a single criminal episode have been enhanced, then the total penalty may not be further increased by ordering that they run consecutively"); McIntyre v. State, 757 So.2d 1288, 1288 (Fla. 4th DCA 2000)(concluding that "because the sentences imposed in Counts II and III arose from only one criminal episode, the court should not have imposed consecutive life sentences against him"). In doing so, we reject the State's argument that each district considering this question has merely relied on what amounted to an earlier erroneous concession on this point by the State. See Philmore, 760 So.2d at 240. Rather, as argued by defense counsel, statements made in Palmer v. State, 438 So.2d 1 (Fla.1983), Daniels v. State, 595 So.2d 952 (Fla.1992), and Hale all support the conclusion outlined herein. Moreover, while not directly deciding this question, this court's decision in Green v. State, 845 So.2d 895, 896 (Fla. 3d DCA 2003)(concluding that "the trial court was not authorized to impose the enhanced consecutive minimum mandatory sentences"), likewise supports our conclusion.
Accordingly, the order under review is affirmed in part, and reversed in part. Counts I and II are ordered to run concurrently, the case is remanded for re-sentencing on Count III.
NOTES
[1] This disposition resolves the State's argument on cross-appeal, that the trial judge erred in concluding that he was obligated to order that Counts I and III run concurrently, in accordance with Hale v. State, 630 So.2d 521 (Fla.1993).