988 So.2d 1242 (2008)
Eddie Lee BOYD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D06-3964, 2D07-1451.
District Court of Appeal of Florida, Second District.
August 22, 2008.
*1243 James Marion Moorman, Public Defender, and William V. Pura, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
In these two cases that were sua sponte consolidated by this court, Eddie Lee Boyd challenges his convictions and sentences for resisting arrest with violence, resisting arrest without violence, and battery on a law enforcement officer. We affirm the conviction for resisting arrest with violence, vacate the conviction for resisting arrest without violence, and remand for resentencing.
Boyd argues that the trial court should have granted his motion for a judgment of acquittal for resisting arrest with violence because the only evidence of violence was his act of shoving a deputy, which was the act that also established the offense of battery on a law enforcement officer. A motion for a judgment of acquittal should not be granted "unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt." State v. Odom, 862 So.2d 56, 59 (Fla. 2d DCA 2003).
In order to establish a prima facie case of resisting with violence, the State had to show that Boyd "knowingly and willfully resist[ed], obstruct[ed], or oppos[ed] any officer ... in the lawful execution *1244 of any legal duty, by offering or doing violence to the person of such officer." See § 843.01, Fla. Stat. (2005). In the instant case, the evidence established a prima facie case of both battery on a law enforcement officer and resisting with violence. The deputy testified that in addition to shoving him, Boyd also began flailing his arms and physically pushing away from the officer in his attempt to evade arrest by fleeing. Given these two separate acts, the trial court did not err in denying Boyd's motion for a judgment of acquittal as to the charge of resisting arrest with violence. See Savage v. State, 494 So.2d 274, 277 (Fla. 2d DCA 1986) (concluding that evidence that appellant "struggled or wrestled with the deputy" and "struck the deputy with a flashlight" supported both a conviction for resisting with violence and a conviction for battery on a law enforcement officer).
Boyd also argues that the trial court erred in denying his motion for a judgment of acquittal as to resisting arrest without violence because his actions constituted a continuous act of resisting arrest. We agree. The record is clear that Boyd's actions here constituted "a continuous resistance to the ongoing attempt to effect [his] arrest." Swilley v. State, 845 So.2d 930, 933 (Fla. 5th DCA 2003); see also Madison v. State, 777 So.2d 1175, 1176 (Fla. 5th DCA 2001). After Boyd shoved the deputy away, he began flailing his arms. He then broke away and ran through the neighborhood, only stopping when he tripped, at which point another officer fell on him. Because the State failed to establish a prima facie case of a separate offense of resisting arrest without violence, we conclude that the trial court erred in denying Boyd's motion for a judgment of acquittal as to that count.
Finally, Boyd challenges his sentencing. The trial court originally sentenced Boyd to five years as a prison releasee reoffender (PRR) on the battery on a law enforcement officer and to five years as a PRR for the resisting with violence, to be served consecutively to the first PRR sentence.
Boyd filed two motions to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the first, he alleged that the two consecutive PRR sentences were illegal. The postconviction court agreed and removed the PRR enhancement from the resisting with violence sentence but kept the new five-year non-PRR term consecutive to the five-year PRR term imposed on the battery conviction. Because the judge who ruled on this motion was not the original judge who sentenced Boyd, Boyd then filed a second rule 3.800(b)(2) motion, this time alleging that the resentencing by a successor judge was in error and that the new sentence was still illegal because the five-year non-PRR term was improperly ordered to be served consecutively to the five-year PRR term. Because the court did not timely rule on Boyd's second rule 3.800(b)(2) motion, it is deemed denied. See Jackson v. State, 793 So.2d 117 (Fla. 2d DCA 2001).
We first note that the court correctly removed the PRR designation on the resisting arrest with violence conviction because "a defendant cannot be sentenced to consecutive prison releasee reoffender sentences arising from a single criminal episode." See Smith v. State, 824 So.2d 263, 264 (Fla. 2d DCA 2002). Furthermore, the court did not err in running Boyd's non-PRR sentence consecutively to his PRR sentence. See Reeves v. State, 957 So.2d 625, 628 (Fla.2007) ("[T]he trial court had the discretion to impose [a criminal punishment code] sentence ... consecutively to [a] PRR sentence. ....").
Although we find no error in the sentences imposed, we agree with Boyd, *1245 and the State concedes, that he was not properly sentenced by a successor judge because it was not shown that such was a necessity. See Kramer v. State, 970 So.2d 468, 470 (Fla. 2d DCA 2007). Accordingly, we remand with directions that Boyd be resentenced by the original judge or by another judge in compliance with Florida Rule of Criminal Procedure 3.700. Id.
Affirmed in part, reversed in part, and remanded for resentencing.
CASANUEVA, J., and DAKAN, STEPHEN, Associate Judge, Concur.