PER CURIAM.
 

 Jermaine Young (defendant) appeals his sentences, arguing that the trial court erred in imposing consecutive Prison Re-leasee Re-Offender (PRR) sentences on his five aggravated assault convictions because all of the crimes occurred during the course of a single criminal episode. We find no error and affirm.
 

 Because we agree with the well reasoned holding set forth by the trial court
 
 *390
 
 in its order denying the defendant’s motion to correct sentencing error, we include it here and adopt it as our own. The trial court’s order reads, in pertinent part, as follows:
 

 ORDER DENYING MOTION TO CORRECT SENTENCING: ERROR
 

 * * *
 

 Through appellate counsel, defendant alleges that the trial court erred by imposing consecutive prison releasee reoffen-der (hereinafter, “PRR”) sentences for counts two through six. In support, he cites
 
 Boyd v. State,
 
 988 So.2d 1242, 1244 (Fla. 2nd DCA 2008);
 
 Gonzalez v. State,
 
 876 So.2d 658, 661-662 (Fla. 3rd DCA 2004);
 
 Williams v. State,
 
 804 So.2d 572, 573 (Fla. 5th DCA 2002); and
 
 Philmore v. State,
 
 760 So.2d 239, 240 (Fla. 4th DCA 2000). The foundation upon which each of the cited cases is based and the precedential value are called into question by
 
 Reeves v. State,
 
 957 So.2d 625 (Fla.2007).
 

 A review of the cases cited reveals that each court ultimately reached the conclusion that PRR sentences could not be imposed consecutively when the offenses were part of the same criminal episode based upon
 
 Hale v. State,
 
 630 So.2d 521 (Fla.1993) and its progeny. The most recent of the cases cited is
 
 Boyd,
 
 supra, in which the Second District, in
 
 dicta,
 
 noted the correctness of the trial court’s ruling which removed a consecutive PRR designation, citing
 
 Smith v. State,
 
 824 So.2d 263, 264 (Fla. 2d DCA 2002). The
 
 Smith
 
 court cited
 
 Hale,
 
 supra,
 
 Smith v. State,
 
 800 So.2d 703 (Fla. 5th DCA 2001)(citing
 
 Hale,
 
 among other cases), and
 
 Philmore v. State,
 
 760 So.2d 239 (Fla. 4th DCA 2000).
 

 In
 
 Gonzalez v. State,
 
 876 So.2d 658, 661-662 (Fla. 3rd DCA 2004), the Third District concluded that a defendant could not be sentenced to consecutive PRR sentences arising from the same criminal episode, citing
 
 Rodriguez v. State,
 
 835 So.2d 1172, 1173 (Fla. 2nd DCA 2002) (citing
 
 Smith,
 
 824 So.2d at 264);
 
 Robinson v. State,
 
 829 So.2d 984, 985 (Fla. 1st DCA 2002) (citing
 
 Hale,
 
 supra;
 
 Williams,
 
 supra; and
 
 Smith,
 
 800 So.2d at 703-04, among others);
 
 McIntyre v. State,
 
 757 So.2d 1288 (Fla. 4th DCA 2000) (citing
 
 Hale,
 
 supra).
 

 In
 
 Williams v. State,
 
 804 So.2d 572, 573 (Fla. 5th DCA 2002), the Fifth District came to a similar conclusion, citing
 
 Smith v. State,
 
 773 So.2d 1278 (citing
 
 Hale,
 
 supra;
 
 Philmore,
 
 supra; and
 
 McIntyre,
 
 supra) and
 
 Durr v. State,
 
 773 So.2d 644 (Fla. 5th DCA 2000) (citing
 
 Hale,
 
 supra, and
 
 Philmore,
 
 supra).
 

 Finally, in
 
 Philmore v. State,
 
 760 So.2d 239, 240 (Fla. 4th DCA 2000), the Fourth District found consecutive PRR sentences for crimes committed in a single criminal episode inappropriate, citing the state’s concession on the point and
 
 Hale,
 
 supra. Each of the cases relied upon by the defendant to challenge the sentence imposed in counts two through six has its genesis in the
 
 Hale
 
 decision. Subsequently, the Fifth District recognized in
 
 Reeves v. State,
 
 920 So.2d 724 (Fla. 5th DCA 2006) that the prison releasee reoffender act is not an enhancement statute, but rather, a minimum mandatory statute, and thus, the rule established in
 
 Hale
 
 had no application to the PRR statute. The Florida Supreme Court agreed in
 
 Reeves v. State,
 
 957 So.2d 625, 633 (Fla.2007) finding that
 
 Hale
 
 had little bearing on the interpretation of the PRR statute. In finding that the trial court had the discretion to impose a criminal punishment code sentence consecutively to a PRR sentence for offenses arising from the same criminal episode, the Court stated,
 
 *391
 
 “Paragraph (b) indicates that section 775.082(9) dictates a
 
 minimum
 
 sentence or sentencing floor, not a statutory maximum .... Moreover, nothing in the PRR statute can be construed as restricting a trial judge’s general discretion to impose sentences consecutively or concurrently.”
 

 Reeves
 
 at 680.
 

 Based upon the Supreme Court’s decision in
 
 Reeves,
 
 the cases cited by defendant, all of which rely upon
 
 Hale
 
 as their foundational authority, are called into question. Given the holding in
 
 Reeves
 
 and the stated intent of the PRR statute to punish eligible offenders to the fullest extent of the law, the court can find no reasonable interpretation of the PRR statute that would prohibit consecutive PRR sentences but permit the imposition of consecutive PRR and criminal punishment code sentences as approved in
 
 Reeves.
 

 AFFIRMED.
 

 PALMER, TORPY and COHEN, JJ., concur.