PER CURIAM.
Appellant appeals his convictions and sentences for Lewd and Lascivious Molestation and Aggravated Stalking. We affirm his convictions without further comment. We, however, agree with Appellant that it was error to impose consecutive sentences for Count I, Lewd and Lascivious Molestation, and Count II, Aggravated Stalking. Appellant was sentenced as a prison release reoffender (PRR) and designated a sexual predator. PRR sentences may not be ordered to run consecutively when the crimes were committed during a single criminal episode. See Preston v. State, — So.3d -, -(Fla. 1st DCA 2012); Robinson v. State, 829 So.2d 984, 985 (Fla. 1st DCA 2002). Because we conclude that Count I and Count II occurred during the same criminal episode, Appellant’s consecutive PRR sentences were error.
Upon resentencing, the trial court may remove the PRR designation on one of the counts and still impose consecutive sentences. See Reeves v. State, 957 So.2d 625, 628-29 (Fla.2007) (holding that Criminal Punishment Code sentence can run consecutive to PRR sentence even though offenses arose from same criminal episode). Although not argued by the State, we recognize an apparent conflict between our opinion in Preston and the Fifth District’s opinion in Young v. State, 37 So.3d 389, 391 (Fla. 5th DCA 2010), which in analyzing the Supreme Court’s decision in Reeves, held that consecutive PRR sentences are not prohibited.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
WOLF, PADOVANO, and THOMAS, JJ., Concur.