DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**LARRY CLAYCOMB,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1834

[July 9, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Robert Belanger, Judge; L.T. Case No. 472011CF000331A.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Larry Claycomb, appeals his convictions for burglary of a dwelling (Count I) and two counts of attempted robbery (Counts II and III). He argues that the trial court should have suppressed his statements to law enforcement and that the trial court erred in imposing a consecutive prison releasee reoffender ("PRR") sentence on Count III. We affirm without comment the trial court's denial of appellant's motion to suppress. We also affirm as to the sentencing issue, but write to explain why one of this court's prior decisions on the issue is no longer good law.

The relevant facts are as follows. After the jury returned its verdict, the trial court sentenced appellant to a term of thirty years in prison on Count I as a habitual felony offender and as a PRR, a concurrent term of thirty years in prison on Count II as a habitual felony offender and as a PRR, and a consecutive term of ten years in prison on Count III as a PRR. Appellant filed a rule 3.800(b)(2) motion to correct sentence, arguing that

his consecutive PRR sentence for Count III was illegal. The trial court did not rule on the motion within sixty days, so it was deemed denied. Fla. R. Crim. P. 3.800(b)(1)(B). This appeal ensued.

An appellate court applies a de novo standard of review to a claim that the trial court imposed an illegal sentence. *State v. Valera*, 75 So. 3d 330, 331–32 (Fla. 4th DCA 2011).

In *Philmore v. State*, 760 So. 2d 239 (Fla. 4th DCA 2000), this court held that PRR sentences may not be imposed consecutively for offenses arising out of the same criminal episode. In reaching this conclusion, we relied upon *Hale v. State*, 630 So. 2d 521 (Fla. 1993), which held that once a defendant's sentences for multiple crimes committed during a single criminal episode were enhanced through habitual felony offender statutes, the total penalty could not be further increased by ordering that the sentences run consecutively.

In *Reeves v. State*, 957 So. 2d 625, 626 (Fla. 2007), however, the Florida Supreme Court held that "a PRR sentence followed consecutively by a CPC sentence not otherwise enhanced beyond the statutory maximum is a legal sentence, even if the crimes arose from a single criminal episode." Explaining that section 775.082(9), Florida Statutes, dictates a "*minimum* sentence or sentencing floor" rather than a statutory maximum sentence, our supreme court clarified that *Hale* has "little bearing on the interpretation of the PRR statute." *Id.* at 630, 633.

The Fifth District, relying on the *Reeves* court's conclusion that *Hale* has "little bearing" on the interpretation of the PRR statute, held that consecutive PRR sentences may be imposed. *See Young v. State*, 37 So. 3d 389 (Fla. 5th DCA 2010). The Fifth District explained:

> Given the holding in *Reeves* and the stated intent of the PRR statute to punish eligible offenders to the fullest extent of the law, the court can find no reasonable interpretation of the PRR statute that would prohibit consecutive PRR sentences but permit the imposition of consecutive PRR and criminal punishment code sentences as approved in *Reeves*.

*Id.* at 391.

Notwithstanding *Reeves* and *Young*, the First District has continued to adhere to the rule that "PRR sentences may not be ordered to run consecutively when the crimes were committed during a single criminal episode." *Mosley v. State,* 112 So. 3d 538, 539 (Fla. 1st DCA 2013). The

2

Florida Supreme Court has granted review of the *Mosley* decision. *See State v. Mosley*, No. SC13-704, 2014 WL 305705 (Fla. Jan. 14, 2014).

Recently, the Florida Supreme Court held that a trial court may impose a habitual offender sentence consecutive to a PRR sentence. *See Cotto v. State*, 39 Fla. L. Weekly S327, S330 (Fla. May 15, 2014) ("Based on the foregoing, we hold that *Hale* does not prohibit a habitual offender sentence from being imposed consecutively to a PRR sentence.").

In light of the Florida Supreme Court's more recent case law addressing the PRR statute, it is clear that a PRR sentence may be imposed consecutive to a habitual offender sentence or a CPC sentence. It follows logically that a PRR sentence may be imposed consecutive to another PRR sentence. Since our decision in *Philmore*, the Florida Supreme Court has held that *Hale* does not apply to the PRR statute. We therefore agree with the Fifth District's opinion in *Young* and hold that a trial judge may impose consecutive PRR sentences even if the offenses arise out of the same criminal episode. We certify conflict with the First District's opinion in *Mosley*.

*Affirmed.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3