COHEN, J.
Julio Tárelo appeals the imposition of consecutive sentences under the prison re-leasee reoffender (PRR) statute, section 775.082, Florida Statutes (2013). The only issue on appeal is whether such a sentence for offenses committed during a single criminal episode is lawful. In Young v. State, 37 So.3d 389 (Fla. 5th DCA 2010), this Court answered this question in the affirmative. See Young, 37 So.3d 389 (citing Reeves v. State, 957 So.2d 625 (Fla.2007)).[1] Recently, in Cotto v. State, 139 So.3d 283 (Fla.2014), the supreme court, in another context, discussed the applicability of Hale v. State, 630 So.2d 521 (Fla.1993), the case upon which Tárelo relies, to PRR sentences. In finding that Hale did not prohibit a habitual offender sentence from being imposed consecutively to a PRR sentence, the court stated: “[T]his Court has never applied Hale to the PRR statute.” Cotto, 139 So.3d at 289.
Our position on this issue is in conflict with our sister courts. See Sanchez v. State, 12 So.3d 1288 (Fla. 1st DCA 2009); Boyd v. State, 988 So.2d 1242 (Fla. 2d DCA 2008), abrogated on other grounds as recognized in Pifer v. State, 59 So.3d 225, 228 (Fla. 2d DCA 2011); Gonzalez v. State, 876 So.2d 658 (Fla. 3d DCA 2004). This issue is currently before the supreme court in State v. Mosley, case no. SC13-704, 2014 WL 305705 (Fla. Jan. 14, 2014).
Pending review by the supreme court, we affirm based on Young. We certify conflict.
AFFIRMED; CONFLICT CERTIFIED.
TORPY, C.J., and SAWAYA, J., concur.

. The Fourth District has also found these sentences lawful. See Claycomb v. State, 142 So.3d 916 (Fla. 4th DCA 2014). In Claycomb, the Fourth District appears to have receded from its earlier opinions. See, e.g., Pledger v. State, 944 So.2d 1135 (Fla. 4th DCA 2006).