# Supreme Court of Florida

_____

No. SC13-704
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**FRANK A. MOSLEY,**
Respondent.

[October 16, 2014]

CANADY, J.

In this case we consider whether consecutive sentences may be imposed for prison releasee reoffender (PRR) offenses that were committed during a single criminal episode. We have for review the decision of the First District Court of Appeal in Mosley v. State, 112 So. 3d 538, 539 (Fla. 1st DCA 2013), which held that "PRR sentences may not be ordered to run consecutively when the crimes were committed during a single criminal episode." The First District's decision expressly and directly conflicts with Young v. State, 37 So. 3d 389, 391 (Fla. 5th DCA 2010), which reached the opposite conclusion. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

Based on the statutory text and our caselaw, we conclude that a trial court may order PRR sentences to run consecutively for crimes committed during a single criminal episode. Accordingly, we quash the decision of the First District.

**I.**

Following a jury trial, Frank Andre Mosley was convicted of: (1) lewd and lascivious molestation of a person older than twelve but younger than sixteen by an offender over the age of eighteen under section 800.04(5)(c)2., Florida Statutes (2006); and (2) aggravated stalking of a minor under sixteen years of age under section 784.048(5), Florida Statutes (2006). The evidence produced at trial showed that on April 1, 2007, Mosley, then forty-seven years old, squeezed the victim's buttocks while they were swimming. At that time, the victim was thirteen years old. Mosley first met the victim a few days before he molested her, and starting on April 1, he repeatedly approached her at her home and around the community. The victim reported Mosley to law enforcement on April 4, after he arrived at her home at approximately 6 a.m. that day and dropped off a letter for her. Mosley was arrested later that day while he was parked near the victim's home.

Mosley was sentenced as a PRR to fifteen years of imprisonment on the lewd and lascivious molestation count and five years of imprisonment on the aggravated stalking count, with the sentences to run consecutively. Subsequently,

Mosley filed a motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Mosley argued that his consecutive PRR sentences were illegal because his convictions for lewd and lascivious molestation and aggravated stalking arose from a single criminal episode.

On March 19, 2012, the trial court denied Mosley's motion. State v. Mosley, No. 07-448-CF (Fla. 1st Cir. Ct. Order filed Mar. 19, 2012) (Circuit Court Order). The trial court concluded that Mosley's convictions were the result of separate criminal episodes because "[a]lthough the molestation offense was alleged to have occurred on the same day and place as the stalking incident of April 1, subsequent incidents comprising the stalking offense occurred on different days at different locations and involved different conduct than the molestation offense." Id. at 2. The trial court went on to conclude that even if Mosley's convictions arose from a single criminal episode, he could still receive consecutive PRR sentences under Reeves v. State, 957 So. 2d 625 (Fla. 2007), and Young. Circuit Court Order at 3. Mosley appealed his convictions and sentences to the First District Court of Appeal.

The First District agreed with Mosley's argument that he could not receive consecutive PRR sentences. Mosley, 112 So. 3d at 539. Without explanation, the First District concluded that Mosley's convictions arose from a single criminal episode. Id. The court then held that "PRR sentences may not be ordered to run

consecutively when the crimes were committed during a single criminal episode."

Id. As a result, the First District affirmed in part, reversed in part, and remanded Mosley's case for resentencing. Id.

The State petitioned this Court for review, alleging express and direct conflict with Young. In Young, the Fifth District rejected Young's claim on appeal "that the trial court erred in imposing consecutive [PRR] sentences on his five aggravated assault convictions because all of the crimes occurred during the course of a single criminal episode." Young, 37 So. 3d at 389. The Fifth District adopted the trial court's reasoning that:

> Based upon the Supreme Court's decision in Reeves, the cases cited by defendant, all of which rely upon Hale[ v. State, 630 So. 2d 521 (Fla. 1993),] as their foundational authority, are called into question. Given the holding in Reeves and the stated intent of the PRR statute to punish eligible offenders to the fullest extent of the law, the court can find no reasonable interpretation of the PRR statute that would prohibit consecutive PRR sentences but permit the imposition of consecutive PRR and criminal punishment code sentences as approved in Reeves.

Id. at 391.

## II.

On review, the State argues that based on Reeves, a trial court may sentence a defendant to consecutive PRR sentences for crimes committed during a single

criminal episode.[1]  Conversely, Mosley contends that this Court should approve the First District's decision because a trial court cannot sentence a defendant to consecutive PRR sentences for crimes committed during a single criminal episode. Mosley's argument relies on the United States Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury.  Based on Alleyne, Mosley contends that Reeves rests on a questionable finding of a legislative preference for consecutive PRR sentences and an insupportable distinction between sentencing provisions that require minimum sentences and those that increase maximum sentences. According to Mosley, PRR sentences increase the maximum sentence because a defendant will serve a longer sentence than he would if he were eligible for gain time under section 944.275, Florida Statutes (2006).

In the analysis that follows, we explain why we reject Mosley's argument and adopt the reasoning articulated in Young.

**III.**

---

1. The State does not challenge the First District's reversal of the trial court's finding that Mosley's crimes consisted of separate criminal episodes.  As a result, we do not address whether the First District correctly concluded that Mosley's crimes occurred during a single criminal episode.

Whether a trial court may impose consecutive PRR sentences for crimes committed during a single criminal episode presents a question of statutory interpretation, which is subject to de novo review. See Reeves, 957 So. 2d at 629. When interpreting the PRR statute in Reeves, this Court stated:

> "The cardinal rule of statutory construction is 'that a statute should be construed so as to ascertain and give effect to the intention of the Legislature as expressed in the statute.' " City of Tampa v. Thatcher Glass Corp., 445 So. 2d 578, 579 (Fla. 1984) (quoting Deltona Corp. v. Fla. Pub. Serv. Comm'n, 220 So. 2d 905, 907 (Fla. 1969)). "It is a fundamental rule of construction that statutory language cannot be construed so as to render it potentially meaningless." Ellis v. State, 622 So. 2d 991, 1001 (Fla. 1993) (citing Snively Groves, Inc. v. Mayo, 135 Fla. 300, 184 So. 839 (1938)). "[S]tatutory enactments are to be interpreted so as to accomplish rather than defeat their purpose." Lewis v. Mosley, 204 So. 2d 197, 201 (Fla. 1967) (citing 6 Fla. Jur., Constitutional Law § 14 (1956); Owens v. Fosdick, 153 Fla. 17, 13 So. 2d 700 (1943)).

957 So. 2d at 629.

> Section 775.082(9), Florida Statutes (2006), states in pertinent part:
>
> (9)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
> . . . .
> l. Aggravated stalking;
> . . . .
> r. Any felony violation of s. 790.07, s. 800.04, s. 827.03, or s. 827.071;
>
> within 3 years after being released from a state correctional facility operated by the Department of Corrections or a private vendor or within 3 years after being released from a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction,

following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.

. . . .

3. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:

. . . .

c. For a felony of the second degree, by a term of imprisonment of 15 years; and

d. For a felony of the third degree, by a term of imprisonment of 5 years.

(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.

(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.

(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection.

In Reeves, this Court concluded that "[t]he text of the PRR statute expresses the intent or purpose that a PRR sentence not serve as the maximum sentence for all crimes arising out of the same criminal episode." 957 So. 2d at 629. The Court explains:

- 7 -

Paragraph (b) indicates that section 775.082(9) dictates a <u>minimum</u> sentence or sentencing floor, not a statutory maximum. . . . Moreover, nothing in the PRR statute can be construed as restricting a trial judge's general discretion to impose sentences consecutively or concurrently. <u>See</u> § 775.021(4), Fla. Stat. (2006) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.").

<u>Reeves</u>, 957 So. 2d at 630. As a result, this Court held that "the plain meaning of the PRR statute is that it provides a minimum sentence and that, given its allowance for imposition of the greatest sentence allowed by law, trial judges have the discretion to impose a [Criminal Punishment Code] sentence consecutively to a PRR sentence." <u>Id.</u>

While addressing the conflict in <u>Reeves</u>, this Court disapproved the Second District's decision in <u>Rodriguez v. State</u>, 883 So. 2d 908 (Fla. 2d DCA 2004), which concluded that a trial court could not impose a Criminal Punishment Code sentence consecutive to a PRR sentence for crimes committed as part of the same criminal episode. <u>Reeves</u>, 957 So. 2d at 632. This Court disagreed with the Second District's reliance on <u>Daniels v. State</u>, 595 So. 2d 952 (Fla. 1992), and <u>Hale v. State</u>, 630 So. 2d 521 (Fla. 1993), which both precluded consecutive sentencing for habitual violent felony offender offenses committed in a single criminal episode. <u>Reeves</u>, 957 So. 2d at 633. This Court explained:

> Daniels and Hale were decided under the sentencing guidelines, not the Criminal Punishment Code. More significantly, in both Daniels and Hale, the habitual violent felony offender portion of the violent career criminal statute was at issue, not the PRR statute. Therefore, those two cases have little bearing on the interpretation of the PRR statute.

Id.

More recently, in Cotto v. State, 139 So. 3d 283 (Fla. 2014), this Court addressed whether a habitual offender sentence may be imposed consecutively to a PRR sentence. We held "that Hale does not prohibit a trial court from imposing a PRR sentence consecutive to a habitual offender sentence." Id. at 290. We concluded that

> this Court has never applied Hale to the PRR statute. The PRR statute specifically states that the legislative intent is to punish those eligible for PRR sentencing to the fullest extent of the law. See § 775.082(9)(d)1., Fla. Stat. (2002). This express statement of intent demonstrates that the discretion of trial courts to impose consecutive sentences is not in any way limited by the PRR statute.

Id. at 289.

Here, Mosley held that trial courts cannot impose consecutive PRR sentences on defendants when the sentences arise from crimes committed during a single criminal episode. 112 So. 3d at 539. Mosley relied on First District caselaw based on Hale. See id. (citing Preston v. State, 134 So. 3d 992 (Fla. 1st DCA 2012); Robinson v. State, 829 So. 2d 984 (Fla. 1st DCA 2002)). However, in

- 9 -

Reeves and Cotto, this Court concluded that Hale is inapplicable to cases involving section 775.082(9) because Hale addressed a different statute.

Conversely, Young held that a trial court may impose consecutive PRR sentences on a defendant for crimes committed during a single criminal episode. 37 So. 3d at 389. Young relied on this Court's decision in Reeves. See id. at 390-91. Young pointed out that earlier district court cases holding that defendants could not receive consecutive PRR sentences when the crimes arose out of a single criminal episode were called into question by Reeves. See id. (discussing Boyd v. State, 988 So. 2d 1242 (Fla. 2d DCA 2008); Gonzalez v. State, 876 So. 2d 658 (Fla. 3d DCA 2004); Williams v. State, 804 So. 2d 572 (Fla. 5th DCA 2002); and Philmore v. State, 760 So. 2d 239 (Fla. 4th DCA 2000)). Young explained that the prior district court decisions holding that defendants could not receive consecutive PRR sentences for crimes committed during the same criminal episode were all "based upon Hale . . . and its progeny." 357 So. 3d at 390. Young pointed out the statement in Reeves "that Hale had little bearing on the interpretation of the PRR statute." Id.

Young correctly concluded that a trial court may impose consecutive PRR sentences on a defendant for crimes committed during a single criminal episode. And Mosley erroneously relied on caselaw based on Hale and its progeny to reach the opposite conclusion. As this Court concluded in Reeves, "nothing in the PRR

- 10 -

statute can be construed as restricting a trial judge's general discretion to impose sentences consecutively or concurrently." 957 So. 2d at 630. Further, Cotto recently pointed out that "this Court has never applied Hale to the PRR statute." Cotto, 139 So. 3d at 289. Therefore, the trial court correctly denied Mosley's motion filed under rule 3.800(b)(2) because the trial court's imposition of consecutive PRR sentences for Mosley's lewd and lascivious molestation and aggravated stalking convictions was within its discretion.

Mosley's argument that "the distinction between sentence enhancements and mandatory minimums is ephemeral" based on his reliance on Alleyne is misplaced. Answer Brief of Respondent at 8-9, State v. Mosley, No. SC13-704 (Mar. 28, 2014). Alleyne and the instant case address different issues. Alleyne addressed the issue of whether "judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." 133 S. Ct. at 2155. The trial judge in Alleyne found an essential element of the defendant's crime—brandishing a firearm—to be proven by a preponderance of the evidence instead of the jury finding the element proven beyond a reasonable doubt. Id. at 2156. However, the instant case does not present a challenge to judicial fact-finding; instead, Mosley challenges the trial court's ability to impose consecutive PRR sentences for crimes committed during a single criminal episode. This Court has concluded that the PRR statute does not increase the maximum allowable

sentence, but instead provides "for <u>maximum sentencing</u> within the sentencing statute." <u>Cotto</u>, 139 So. 3d at 290.

## IV.

Based on the foregoing, we quash the First District's decision in <u>Mosley</u> and remand for proceedings consistent with this opinion. We approve the decision of the Fifth District in <u>Young</u>.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, POLSTON, and PERRY, JJ., concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

First District - Case No. 1D11-4936

(Santa Rosa County)

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, and Donna Antoinette Gerace, Assistant Attorney General, Tallahassee, Florida,

for Petitioner

Nancy Ann Daniels, Public Defender, and Glen Phillip Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Respondent

- 12 -