DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH GANDY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3889

[April 22, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2004CF000238AXX.

Joseph Gandy, Lake City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's order denying appellant's rule 3.800(a) motion to correct illegal sentence and the order imposing sanctions for frivolous filing. Appellant's rule 3.800(a) motion alleged illegal consecutive prison releasee reoffender (PRR) sentences on counts I and II. Consecutive PRR sentences are not illegal even if the offenses arose from the same criminal episode. *State v. Mosley*, 149 So. 3d 684, 684 (Fla. 2014); *Claycomb v. State*, 142 So. 3d 916, 917 (Fla. 4th DCA) (recognizing that *Philmore v. State*, 760 So. 2d 239 (Fla. 4th DCA 2000), has been overruled), *review denied*, No. SC14-1397, 2014 WL 7444595 (Fla. Dec. 29, 2014).

Appellant has not demonstrated that the trial court abused its discretion in imposing sanctions pursuant to *State v. Spencer*, 751 So. 2d 47 (Fla. 1999). Appellant acknowledged in his motion that this issue was argued at sentencing in 2006 and was rejected. The claim is procedurally barred. Even before *Mosley*, this claim was without merit. Appellant's burglaries of two separate residences belonging to separate victims were clearly separate criminal episodes. *See Reeves v. State*, 957 So. 2d 625, 628 (Fla. 2007) (concluding that offenses committed at two separate

locations occurred in two distinct episodes); *Hartman v. State,* 92 So. 3d 893, 895 (Fla. 5th DCA 2012) (explaining that the standard for determining whether offenses may be tried together is different from whether offenses occurred in the same criminal episode).  The record shows that appellant raised this same issue in a habeas corpus petition, which the trial court denied in a detailed order dated December 5, 2011.

*Affirmed.*

STEVENSON, TAYLOR and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2