GERBER, J.
 

 The appellant challenges the circuit court’s summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We remand only for correction of the judgment to show the
 
 *1228
 
 classification of the appellant’s robbery with a firearm conviction as a first degree felony punishable by life. We otherwise affirm the denial of the motion.
 

 In the motion, the appellant primarily argued that the sentencing court in 1982 erred in reclassifying his robbery with a firearm conviction as a life felony carrying a thirty-year mandatory minimum instead of as a first degree felony punishable by a term of years not exceeding life in prison. The appellant further argued that he should be entitled to a new sentencing hearing because, in his opinion, if the sentencing court had been aware of the error, then the court would have imposed a sentence less than the ninety-nine year sentence which it imposed.
 

 The state’s response conceded that the sentencing court erred in reclassifying the appellant’s robbery with a firearm conviction as a life felony. However, the state argued the appellant should not be entitled to a new sentencing hearing because the ninety-nine year sentence was legal and because the sentencing transcript shows that, regardless of the error, the sentencing court would have imposed the same sentence. The court stated, “He is a dangerous, dangerous man in every sense of the word.... He is off the streets for the rest of his life, as far as I am concerned.”
 

 We agree with the appellant and the state that the sentencing court erred in reclassifying the appellant’s robbery with a firearm conviction as a life felony instead of as a first degree felony punishable by life.
 
 See
 
 § 812.1S(2)(a), Fla. Stat. (1982) (“If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment....”);
 
 McDonald v. State,
 
 957 So.2d 605, 613 (Fla.2007) (“Pursuant to section 812.13(2)(a), Florida Statutes ... armed robbery is a felony punishable by life.”). Thus, the court which reviewed the appellant’s rule 3.800(a) motion should have corrected the judgment in that regard.
 

 However, we reject the appellant’s argument that he is entitled to a new sentencing hearing. We hold that a classification error raised in a rule 3.800(a) motion, like a scoresheet error raised in a rule 3.800(a) motion, is harmless if the sentencing court “could have imposed” the same sentence.
 
 Cf. Brooks v. State,
 
 969 So.2d 238, 243 (Fla.2007) (“[F]or motions filed under rule 3.800(a), we hold that if the [sentencing] court could have imposed the same sentence using a correct score-sheet, any error was harmless.”). Here, regardless of the classification error, the sentencing court could have imposed the same ninety-nine year sentence under section 812.13(2)(a). Even if the “more defendant-friendly ‘would-have-been-imposed’ standard” applied,
 
 Brooks,
 
 969 So.2d at 238, we agree with the state that the sentencing court’s comments conclusively show that the court would have imposed the same sentence.
 

 In sum, we remand only for correction of the judgment to show the classification of the appellant’s robbery with a firearm conviction as a first degree felony punishable by life. We otherwise affirm the denial of the appellant’s remaining arguments in his rule 3.800(a) motion without further comment.
 

 Remanded for correction of judgment; otherwise affirmed.
 

 HAZOURI and DAMOORGIAN, JJ., concur.