LEVINE, J.
In this case we are confronted with the issue of whether the trial court, which has terminated appellee’s probation unsuccessfully, is required to sentence appellee to at least the minimum sentence the court would have originally imposed before placing appellee on probation. We find the trial court erred when it terminated appel-lee’s probation and released him from custody instead of sentencing him to at least a three-year minimum mandatory sentence.
In June 2008, appellee was charged with conspiracy to traffic in cannabis in excess of twenty-five pounds. Pursuant to the plea agreement, appellee pled to five years’ probation, and the state agreed to waive the three-year minimum mandatory sentence.
Six months later, appellee violated his probation, and the court reinstated it. In September 2009, appellee was again charged with a violation of probation. The probation officer recommended that appel-lee’s “probation be revoked and his probation be terminated unsuccessfully.”
The trial court conducted a hearing on appellee’s violation of probation. The state was represented by an assistant state attorney instead of someone from ' the statewide prosecutor’s office, which was the prosecution office of record. Due to the fact that an assistant statewide prosecutor was not present at the hearing, the assistant state attorney asked that the hearing be reset so that a representative from the Office of Statewide Prosecution could be present. The trial court went forward with the hearing and terminated appellee’s probation unsuccessfully and released him from custody. Nothing in the record indicates that the trial court imposed any sentence, such as time served. The assistant state attorney objected to the trial court proceeding without the assistant statewide prosecutor, but did not object specifically to the court’s sentence of unsuccessfully terminating appellee’s probation without any additional term of incarceration.
On appeal, appellant contends that the trial court imposed an illegal sentence.[1] The standard of review for the *332 legality of a criminal sentence is de novo. Grosso v. State, 2 So.Sd 362, 364 (Fla. 4th DCA 2008). Although the state did not specifically object to sentencing appellee below the guidelines, where there is an illegal sentence, such as an unauthorized departure from the sentencing guidelines, and the error is apparent on the face of the record, a contemporaneous objection is not required to preserve the issue for appeal. Taylor v. State, 601 So.2d 540, 541 (Fla.1992). “The sole exception to the contemporaneous objection rule applies where the error is fundamental. For example, ‘[ijllegal sentences necessarily constitute fundamental error, and may therefore be challenged for the first time on direct appeal.’ ” State v. Calvert, 15 So.3d 946, 949 (Fla. 4th DCA 2009) (citations omitted).
The trial court erred by sentencing appellee to a sentence below the minimum mandatory in contravention of section 948.06(2)(b), Florida Statutes. That statute provides: “If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense ... and impose any sentence which it might have originally imposed before placing the probationer on probation.” In this case, appellee had to be sentenced to a minimum mandatory three-year prison term. Only originally, as a result of a plea agreement and with the consent of the state, could appellee have received a sentence that waived the minimum mandatory term of incarceration. As a result of the unsuccessful termination of probation, the trial court was required to sentence appel-lee to the minimum mandatory sentence that could have been “originally imposed before placing the probationer on probation.”
Further, the trial court also contravened section 921.0024(2), Florida Statutes, which generally requires that the trial court sentence the offender to no less than the lowest permissible sentence as calculated on the scoresheet, unless there is evidence that supports a valid downward departure. Significantly, there is no evidence in the record indicating that this was a downward departure or supporting a downward departure. Thus, where a “trial court imposes a sentence that is shorter than the required mandatory minimum sentence, ‘the sentence is not within the limits prescribed by law and is properly viewed as an ‘illegal’ sentence.’ ” State v. Strazdins, 890 So.2d 334, 335 (Fla. 2d DCA 2004) (quoting State v. R.F., 648 So.2d 293, 294 n. 1 (Fla. 3d DCA 1995)); see also State v. Scanes, 973 So.2d 659, 661 (Fla. 3d DCA 2008).[2]
In conclusion, we find the trial court erred in sentencing appellee to a sentence below what was mandated by law, i.e., a three-year minimum mandatory. We reverse and direct the court to sentence *333 appellee to any sentence which he could have received before being placed on and violating probation.

Reversed and remanded.

DAMOORGIAN and CIKLIN, JJ., concur.

. Appellant also objects to the trial court proceeding with an assistant state attorney and not a representative of the Office of Statewide Prosecution. Based on our decision, we need not reach the merits of this issue. We do note that the Office of the Statewide Prosecution, of the Office of the Attorney General, is a separate and distinct office from the Office of the State Attorney for the Fifteenth Judicial Circuit. The former derives its authority from article IV, section 4(b) of the Florida Constitution and section 16.56, Florida Statutes, while the latter’s authority is derived from article V, section 17 of the Florida Con *332 stitution and section 27.01 et seq., Florida Statutes. Further, the assistant state attorney would normally have no personal knowledge of a case prosecuted by a representative of the Office of Statewide Prosecution.

. We also note that to allow the trial court to terminate appellee’s probation unsuccessfully and sentence him below the guidelines, without regard to any minimum mandatory sentence, would have the absurd result of rewarding a probationer who has been unsuccessfully terminated from probation. The state agreed to waive the minimum mandatory with the expectation that appellee would successfully perform each and every condition of probation. To allow appellee to receive the benefit of this bargain, without requiring him to satisfy all of the conditions of the plea bargain, would be unjust and unenforceable. Cf. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled”).