DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS HERNANDEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-4093

[December 10, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona M. Holmes, Judge; L.T. Case No. 08-20144 CF10A.

Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jacqueline N. Brown and Nancy Jack, Assistants Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Luis Hernandez appeals his judgment and sentence for one count of sexual battery on a child under twelve and three counts of lewd or lascivious molestation. He raises multiple issues on appeal.[1] We find merit in Hernandez's argument that the trial court imposed an illegal sentence for each count of lewd or lascivious molestation. Thus, we

---

[1] Hernandez argues that the trial court committed reversible error by: (1) imposing both a life sentence and a 25-year mandatory minimum sentence for each count of lewd or lascivious molestation; (2) permitting the state to introduce evidence of Hernandez's behavior leading up to the abuse through the victim's mother; (3) denying Hernandez's motion to strike the venire after one of the jurors blurted out that she was sexually battered; (4) denying Hernandez's motions for judgment of acquittal; (5) requesting a gender neutral reason for Hernandez's peremptory strike of a prospective juror; (6) allowing the nurse who examined the victim to testify that penetration can occur in the absence of physical injury; and (7) prohibiting Hernandez from fully cross-examining the victim's mother about her immigration status.

reverse and remand for resentencing on counts III, IV, and V. We affirm Hernandez's judgment and sentence in all other respects.

The jury in this case found Hernandez guilty of sexual battery on a child under twelve and three counts of lewd or lascivious molestation. The trial court sentenced Hernandez to life in prison for the sexual battery. The trial court also imposed concurrent life sentences with a minimum mandatory sentence of twenty-five years for each count of lewd or lascivious molestation. On appeal, Hernandez argues, and the State concedes, that his sentence for each count of lewd or lascivious molestation is illegal. We agree.

We review Hernandez's claim that the trial court imposed an illegal sentence de novo. *See Claycomb v. State*, 142 So. 3d 916, 917 (Fla. 4th DCA 2014) (citing *State v. Valera,* 75 So. 3d 330, 331–32 (Fla. 4th DCA 2011)).

Lewd or lascivious molestation of a child under twelve is a life felony, punishable as provided in section 775.082(3)(a)4., Florida Statutes. § 800.04(5)(b), Fla. Stat. (2008). Section 775.082(3)(a)4.a. permits the sentencing court to impose *either* a life sentence *or* a split sentence "that is a term of not less than 25 years' imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person's natural life." § 775.082(3)(a)4.a.(II), Fla. Stat.; *see also Rochester v. State*, 140 So. 3d 973, 975 (Fla. 2014) (defendant convicted of lewd or lascivious molestation of a child under twelve can be sentenced to "life imprisonment *or* a sentence of not less than twenty-five years followed by community control or probation for the rest of the offender's life"). Instead of imposing one of the permissible sentences under the statute, the trial court imposed both. This was error. Accordingly, we reverse Hernandez's sentence on counts III, IV, and V and remand for resentencing.

*Affirmed in part; Reversed in part and Remanded.*

GROSS and MAY, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**