PER CURIAM.
Patrice Kerr «(“Appellant”) appeals the denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant was convicted of one count of sexual battery on a child less .than 12 years of age and three counts of lewd or lascivious molestation on a child less than 12 years of age. The trial court sentenced Appellant to life in prison on each count and a 25-year minimum mandatory sentence on the three lewd or lascivious counts. Appellant argues, inter alia, and the State concedes, the trial court illegally sentenced Appellant to the 25-year minimum mandatory terms. , •
' Lewd or lascivious molestation on a child less than 12 years of age is a life felony, punishable as provided in section 775.082(3)(a)4., Florida Statutes (2006). This section permits sentences of either “[a] term of imprisonment for life” or “[a] split sentence that is a term of at least 25 years’ imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of .the person’s natural life, as provided in s. 948.012(4).” § 775.082(3)(a)4.,. Fla. Stat. Although the trial court had discretion to sentence Appellant to life, it could not also impose the 25-year minimum mandatory. See Hernandez v. State, 162 So.3d 130, 131 (Fla. 4th DCA 2014) (“Instead of imposing one of,the permissible sentences,under the statute, the trial court imposed both. This was error.”). Therefore, we reverse and remand to correct the sentence, affirming Appellant’s judgment and,sentence in all other respects. .
AFFIRMED in Part; REVERSED in Part; REMANDED with INSTRUCTIONS.
ORFINGER, WALLIS and LAMBERT, JJ., concur.