IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MAXWELL LEON,

      Appellant,

v.                              Case No.  5D14-1417

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 6, 2016

Appeal from the Circuit Court
for Osceola County,
Mark S. Blechman, Judge.

Michael R. Ufferman, of Michael Ufferman
Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


PALMER, J.

      Maxwell Leon (the defendant) appeals his convictions and sentences for three counts of sexual battery, one count of sexual activity with a child, and two counts of lewd or lascivious molestation.  We reverse and remand for a new trial as to count 1, and we remand for resentencing as to count 6.  We affirm in all other respects.

The defendant was convicted on six counts of sexual abuse against a child. Specifically, the defendant was convicted on three counts of sexual battery (counts 1, 2, and 3), one count of sexual activity with a child (count 4), and two counts of lewd or lascivious molestation (counts 5 and 6).

The defendant argues that the trial court committed fundamental error by improperly instructing the jury on count 1.[1]  We agree.

In count 1, the State charged the defendant with sexual battery, asserting that his finger "penetrated" the victim's vagina.  However, during closing argument, the prosecutor addressed count 1 as follows:

> It is my burden to prove the crime of sexual battery upon a person less than 12 years of age. I have to prove to you all three elements beyond a reasonable doubt. [The victim] was less than 12 years of age. …Maxwell Leon committed an act upon [the victim] in which the finger of Maxwell Leon penetrated or had union with the vagina of [the victim]; six years old.

Then, when the trial court instructed the jury on count 1, the trial court stated:

> To prove the crime of sexual battery on a person less than 12 years of age as charged in count one, the State must prove the following three elements beyond a reasonable doubt:
> Number one, [the victim] was less than 12 years of age.
> Number two, Maxwell Leon committed an act upon [the victim] in which the finger of Maxwell Leon penetrated or had union with the vagina of [the victim].

Because the trial court's instruction improperly permitted the jury to convict the defendant of sexual battery based on a finding that his finger was "in union with" the

---

[1] Because this claim of error is being raised for the first time on appeal, the claim must be reviewed pursuant to the fundamental error standard.  State v. Delva, 575 So. 2d 643 (Fla. 1991).

victim's vagina, when the information expressly alleged penetration only, the error was fundamental. See Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013). Accordingly, the defendant's conviction on count 1 is reversed, and this matter is remanded for a new trial thereon. See Gill v. State, 586 So. 2d 471 (Fla. 4th DCA 1991).

The defendant also argues that the trial court committed reversible error by imposing sentence on count 6. On count 6, the defendant was convicted of violating section 800.04(5)(b) of the Florida Statutes (2003). For such convictions, the sentencing court is authorized to impose either a life sentence or a split sentence incorporating a term of 25 years' imprisonment. See § 775.082(3)(a)4.a., Fla. Stat. (2003); Rochester v. State, 140 So. 3d 973 (Fla. 2014). Here, the defendant was improperly sentenced to both a life sentence and a 25-year mandatory minimum sentence. The State properly concedes error on this claim. Accordingly, the sentence on count 6 is reversed and this matter remanded for resentencing thereon.

AFFIRMED in part; REVERSED in part; and REMANDED.

TORPY and EVANDER, JJ., concur.