DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID PUZIO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3034

[August 7, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 94-12537CF10A.

Ashley D. Kay and Kevin J. Kulik, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

### ON APPELLANT'S MOTION FOR REHEARING

GERBER, J.

We deny appellant's motion for rehearing. However, we substitute the following opinion for the opinion which we issued on May 8, 2019.

The defendant appeals from his re-sentences for two counts of first degree murder and one count of armed carjacking committed while he was a juvenile. The defendant argues the circuit court erred in four respects: (1) by sentencing him on the first degree murder counts under section 775.082(1)(b)1., Florida Statutes (2017), when no jury has found beyond a reasonable doubt that he actually killed, intended to kill, or attempted to kill the victims; (2) by not reviewing his penalty phase witnesses' testimony from his original sentencing; (3) by departing from the guidelines in sentencing him on the armed carjacking; and (4) by increasing his sentences on the first degree murder counts several months after pronouncing sentence, by adding forty-year mandatory minimums required under section 775.082(1)(b)1.

1

We reverse on the defendant's first argument, and remand for correction of his sentences on the first degree murder counts under section 775.082(1)(b)2., Florida Statutes (2017). Because section 775.082(1)(b)2. does not require forty-year mandatory minimums, we also reverse the inclusion of the forty-year mandatory minimums as referenced in the defendant's fourth argument, and do not need to reach the defendant's double jeopardy argument. We affirm on the defendant's second and third arguments without further discussion.

### *Procedural History*

In 1994, the state charged the then sixteen-year-old defendant with two counts of first degree murder and one count of armed carjacking, and sought the death penalty.

At trial, the state presented evidence that the defendant was one of three men in the backseat of a car, with two women in the driver's and front passenger's seats. The men intended to rob the victims, and directed the women to drive to a location, where the defendant shot and killed the women. The defendant presented evidence that one of the other men was the shooter.

The state ultimately argued to the jury, and the trial court instructed the jury, that the defendant could be found guilty of first degree murder as either a premeditated act or under a felony murder theory if one of the other men was the shooter. The verdict form asked the jury if the defendant was guilty of first degree murder, but did not ask the jury to decide between premeditation and felony murder.

The jury found the defendant guilty on all three counts. During the penalty phase, the jury was asked to consider aggravating and mitigating factors. Next to the mitigating factor, "the defendant was an accomplice in the offense for which he is to be sentenced but the offense was committed by another person and the defendant's participation was relatively minor," the jury wrote the word "yes." The jury also recommended life in prison.

The trial court sentenced the defendant to life in prison without parole for all three counts.

Twenty-one years later, in 2017, the defendant appeared before the trial court for resentencing pursuant to *Miller v. Alabama,* 567 U.S. 460 (2012), which held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." *Id.* at 470.

The trial court had to decide whether to resentence the defendant under subsection 1. or 2. of section 775.082(1)(b), Florida Statutes (2017), which provides, in pertinent part:

> 1. A person *who actually killed, intended to kill, or attempted to kill the victim* and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18 years of age shall be punished by a term of imprisonment for life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. *If the court finds that life imprisonment is not an appropriate sentence, such person shall be punished by a term of imprisonment of at least 40 years. A person sentenced pursuant to this subparagraph is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(a).*

> 2. A person *who <u>did not</u> actually kill, intend to kill, or attempt to kill the victim* and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18 years of age may be punished by a term of imprisonment for life or by a term of years equal to life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. *A person who is sentenced to a term of imprisonment of more than 15 years is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(c).*

§ 775.082(1)(b)1.-2., Fla. Stat. (2017) (emphasis added). Section 921.1402(2), Florida Statutes (2017), provides in pertinent part:

> (a) A juvenile offender sentenced under <u>s. 775.082(1)(b)1.</u> is entitled to a review of his or her sentence *after 25 years . . .* [unless the juvenile offender has been previously convicted of certain enumerated offenses that were part of a separate criminal transaction or episode].

> . . .

(c) A juvenile offender sentenced to a term of more than 15 years under s. 775.082(1)(b)2. . . . is entitled to a review of his or her sentence *after 15 years*.

§ 921.1402(2)(a), (c), Fla. Stat. (2017) (emphasis added).

The defendant argued he should be sentenced under section 775.082(1)(b)2., and therefore entitled to review after having spent fifteen years in prison, because the jury was not asked to find, and did not find, that he actually killed, attempted to kill, or intended to kill the victims, as required under section 775.082(1)(b)1.

The state argued the defendant should be sentenced under section 775.082(1)(b)1., and therefore not entitled to review until having spent twenty-five years in prison, because the state's evidence pointed to the defendant as having actually killed, attempted to kill, or intended to kill the victims.

The trial court decided, on each of the first degree murder counts, to sentence the defendant under section 775.082(1)(b)1. to sixty years in prison, with entitlement to review after having spent twenty-five years in prison. The trial court did not state that the defendant would be punished by a term of imprisonment of at least forty years on the first degree murder counts. On the armed carjacking count, the court sentenced the defendant to forty years in prison.

In 2018, several months after pronouncing the new sentences, the trial court filed a new disposition order without a hearing and without otherwise notifying the parties. On the 2018 order's first page, the trial court handwrote: "Corrected as to min/man." On the second page, the trial court checked the box next to "other mandatory minimum" and handwrote: "40 yrs CT I and II pursuant to F.S. 921.1402(2)(a)." At the bottom of that page, next to the trial court's signature, the trial court handwrote: "nunc pro tunc" to the 2017 resentencing order. In effect, the 2018 disposition order altered the 2017 resentencing order's sixty-year sentences on the first degree murder counts by adding forty-year mandatory minimums.

Along with the new disposition order, the trial court issued a new sentencing order to detail its resentencing findings in writing. Besides the findings described above, the court also noted that "although it proceeded under subsection 775.082(1)(b)(1), Florida Statutes, that it equally finds a sixty-year sentence appropriate under section 775.082(1)(b)(2) in light of the facts of this case."

4

### *This Appeal*

This appeal followed.  As stated above, the defendant's first argument contends that the trial court erred by sentencing him under section 775.082(1)(b)1. when no jury has found beyond a reasonable doubt that he actually killed, intended to kill, or attempted to kill the victims.

We agree.  In *Williams v. State*, 242 So. 3d 280 (Fla. 2018), our supreme court held:  "Because a finding of actual killing, intent to kill, or attempt to kill aggravates the legally prescribed range of allowable sentences . . . by increasing the sentencing floor from zero to forty years and lengthening the time before which a juvenile offender is entitled to a sentence review from fifteen to twenty-five years, this finding is an element of the offense, which [is required to] be submitted to a jury and found beyond a reasonable doubt."  *Id.* at 288 (quotation marks and internal citations omitted).  However, our supreme court also held that a violation of this requirement can be harmless if "the record demonstrates beyond a reasonable doubt that a rational jury would have found the [defendant] actually killed, intended to kill, or attempted to kill the victim." *Id.* at 290.

Here, the verdict form did not ask the jury to choose between premeditation and felony murder, and it cannot be determined from the verdict form whether the jury found beyond a reasonable doubt that the defendant actually killed, intended to kill, or attempted to kill the victims.

This lack of jury finding cannot be deemed harmless.  The record does not demonstrate beyond a reasonable doubt that a rational jury would have found the defendant killed, intended to kill, or attempted to kill the victim.  Although the state presented evidence that the defendant was the shooter, the defendant presented evidence that one of the other men was the shooter.  The state ultimately argued to the jury, and the trial court instructed the jury, that the defendant could be found guilty of murder as either a premeditated act or under a felony murder theory. After the jury found the defendant guilty of first degree murder, the jury was asked during the sentencing phase to consider aggravating and mitigating factors.  Next to the mitigating factor, "the defendant was an accomplice in the offense for which he is to be sentenced but the offense was committed by another person and the defendant's participation was relatively minor," the jury wrote the word "yes."

Based on the foregoing, we reverse the trial court's resentencing of the defendant for the first degree murder counts under section

775.082(1)(b)1. We remand for correction of his sentences on the first degree murder counts under section 775.082(1)(b)2., entitling the defendant to review after having spent fifteen years in prison. *Williams*, 242 So. 3d at 292. The defendant need not be present for this ministerial correction of his sentence. The defendant is not entitled to a new sentencing hearing under section 775.082(1)(b)2., because the trial court already stated that "it equally finds a sixty-year sentence appropriate under section 775.082(1)(b)(2) in light of the facts of this case." We agree with the state that the trial court's comments conclusively show that the court would have imposed the same sentence. *See Brooks v. State*, 969 So. 2d 238, 238 (Fla. 2007); *Muyico v. State*, 50 So. 3d 1227, 1228 (Fla. 4th DCA 2011).

As stated above, because section 775.082(1)(b)2. does not require forty-year mandatory minimums, we also reverse the inclusion of the forty-year mandatory minimums as referenced in the defendant's fourth argument, and do not need to reach the defendant's double jeopardy argument. We affirm on the defendant's second and third arguments without further discussion.

*Affirmed in part, reversed in part, and remanded for correction of sentences.*

CONNER, J., and METZGER, ELIZABETH, Associate Judge, concur.

\* \* \*

**No further motions for rehearing shall be permitted.**