DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL ANTHONY PRENTICE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3498

[June 2, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 56-2017-CF-002040 A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING AND REHEARING EN BANC***

CONNER, J.

We deny the appellant's motion for rehearing and rehearing en banc, but withdraw our opinion dated February 17, 2021, and issue the following in its place:

Michael Anthony Prentice ("Appellant") appeals certain sentences and sentencing orders entered below. We agree the trial court erred in several ways, but with the exception of one error concerning the imposition of costs which may require an additional hearing, all of the errors can be ministerially corrected without further proceedings in the trial court. Thus, we affirm the sentences imposed but remand for the ministerial corrections, unless the cost issue requires a further hearing. We explain the errors and the reasoning of our disposition.

*Background*

Appellant was formally charged with three counts of lewd or lascivious molestation on a victim less than 12 years of age by an offender 18 years of age or older and two counts of attempted sexual battery on a child less than 12 years old by a perpetrator 18 years of age or older. Appellant entered an open plea of no contest to all charges. The plea form contained language stating that Appellant was advised by his counsel that "both mandatory and discretionary fees and costs may be imposed" for the services of his attorney at the time of sentencing, listing amounts totaling $550. The plea form further advised that Appellant had "the right to contest the fees and costs at the time of sentencing," and contained a provision stating that Appellant agreed to the handwritten amounts and waived his right to contest the stated amounts. The trial court accepted Appellant's plea. Appellant's prior record consisted of one misdemeanor driving offense.

At sentencing, Appellant requested the statutory minimum sentence: twenty-five years in prison followed by a lifetime of probation for the molestation counts. The State advised that section 775.082(3)(a)4., Florida Statutes, gave the trial court the option of either a sentence of life imprisonment or a split sentence of no less than twenty-five years followed by a lifetime of probation. The State requested a life sentence. Appellant was adjudicated guilty and sentenced on each molestation count to life in prison with a twenty-five year mandatory minimum, and to thirty years in prison on each attempted sexual battery count. In pronouncing the life sentences on each molestation count, the trial court listed each count and then stated, for each: "that you do spend the rest of your life in prison. I do sentence you to life." After separately announcing the length of imprisonment for each molestation count, the trial court then stated: "Each of those also have a twenty-five year minimum sentence that I'm required to impose."

As to the attempted sexual battery counts, neither side made a request for a specific sentence. As to both of those counts, the trial court imposed the maximum sentence of thirty years in prison. The sentences for all five counts were imposed concurrently.

After pronouncing the sentences for each count and upon the trial court's request, the court clerk announced various costs and fees, including $304.50 as a transcript fee owed to the public defender in addition to the amount listed in the plea form. The trial court then imposed the announced fees and costs. The trial court did not tell Appellant he had the right to contest the transcript fee and no evidence was submitted to the trial court to support the transcript fee.

Thereafter, Appellant gave notice of appeal.  During the pendency of this appeal, Appellant filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).  In the motion, Appellant argued that: (1) resentencing was required on the molestation counts because the sentences of life in prison with a twenty-five year mandatory minimum were not statutorily authorized; (2) there was a scrivener's error in the judgments for the attempted sexual battery counts which failed to include a citation to section 774.04, Florida Statutes; and (3) the $304.50 transcript fee to the public defender must be stricken because it was imposed without sufficient proof and without Appellant receiving an opportunity to be heard in order to contest the fee.  The trial court did not rule on the motion within sixty days after it was filed.

*Appellate Analysis*

The standard of review for a motion to correct sentencing error is *de novo*.  *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009) (per curiam).  Likewise, "[a]n appellate court applies a de novo standard of review to a claim that the trial court imposed an illegal sentence." *Claycomb v. State*, 142 So. 3d 916, 917 (Fla. 4th DCA 2014) (citing *State v. Valera*, 75 So. 3d 330, 331–32 (Fla. 4th DCA 2011)).

*The Lewd and Lascivious Molestation Sentences*

Appellant argues that his concurrent sentences to life with a twenty-five year mandatory minimum on the molestation counts are illegal. Appellant correctly points out that while a violation of section 800.04(5)(b) Florida Statutes, is a life felony, the offense is subject to a specific sentencing statute, section 775.082(3)(a)4.a., Florida Statutes (2016). That sentencing statute states:

> Except as provided in sub-subparagraph b.,[1] for a life felony committed on or after September 1, 2005, which is a violation of s. 800.04(5)(b), by:
>
> (I) A term of imprisonment for life; or
>
> (II) A split sentence that is a term of at least 25 years' imprisonment and not exceeding life imprisonment, followed

---

[1] Sub-subparagraph b. is inapplicable to Appellant because it pertains to a second or subsequent violation of section 800.04(5)(b), *see* § 775.082(3)(a)4.b., Fla. Stat. (2016), and Appellant had no prior violations of that statute.

by probation or community control for the remainder of the person's natural life, as provided in s. 948.012(4).

§ 775.082(3)(a)4.a., Fla. Stat. (2016).  Citing *Hernandez v. State*, 162 So. 3d 130, 131 (Fla. 4th DCA 2014), Appellant correctly argues that the two possible sentences for a life felony violation of section 800.04(5)(b), are: "*either* a life sentence *or* a split sentence" involving at least twenty-five years imprisonment followed by the remainder of the defendant's life on probation.  We agree with Appellant that the statute does not authorize *both* a life sentence *and* a twenty-five year mandatory minimum, and that the twenty-five year mandatory minimum only applies where a split sentence is imposed under section 775.082(3)(a)4.a.(II), not where a life sentence is imposed under section 775.082(3)(a)4.a.(I).  *See id.*

Appellant further argues that the remedy for the illegal sentence in this case is a de novo sentencing hearing, as that was the remedy on remand in both *Hernandez* and *Leon v. State*, 190 So. 3d 243, 244 (Fla. 5th DCA 2016).

As it did in *Hernandez*, the State in this case properly concedes that Appellant's life sentences for the molestation counts erroneously included a twenty-five year mandatory minimum.  However, the State argues that the trial court's pronouncement of sentence makes clear that it intended to impose life sentences for the molestation counts, a fact not present in either the *Hernandez* or *Leon* decisions.  As described above, the transcript reveals that for each count, the trial court separately stated that Appellant was to "*spend the rest of your life in prison*," followed by "I do sentence you to life."  After imposing the sentences for all three counts separately, the trial court pronounced: "Each of those also have a twenty-five year minimum mandatory sentence that I'm required to impose."

Based on the words used to impose the sentences, the State contends that rather than remanding for de novo resentencing, the trial court should be allowed to "hold a hearing for the limited purpose of striking the minimum mandatory portion of the sentence it erroneously imposed."  It is problematic that the State's answer brief cites no legal authority to support its requested remedy.  However, we disagree with Appellant's assertion that a de novo resentencing is required in this case, where the cases he relies upon do not address the application of the "would have

imposed" standard for determining whether a de novo sentencing hearing is required to correct a sentencing error.[2]

Our review of the appellate record in this case leads us to the firm conclusion that the trial court imposed life sentences for each molestation count. There is nothing in the record to suggest that the trial court had some intent to impose a term-of-years sentence. The statements of both defense counsel and the State before the trial court announced the sentences on the molestation counts clearly show that both sides agreed the trial court was to impose either a life sentence or a term-of-years sentence. This is not a case in which there is some ambiguity as to whether the trial court intended a life sentence or a term-of-years sentence. Thus, we hold that the trial court properly exercised its discretion to impose a life sentence for each molestation count, but improperly added a mandatory minimum sentence for each sentence. We further hold that under the applicable "would have imposed" standard, the life sentence may be upheld. *See Sherrod v. State*, 292 So. 3d 804, 805 (Fla. 4th DCA 2020) (holding that resentencing not required when the record clearly demonstrated that the trial court would have imposed the same sentence despite the error regarding the grounds for probation revocation); *Butner v. State*, 217 So. 3d 1162, 1164 (Fla. 2d DCA 2017) ("When it is unclear from the record whether the trial court would have imposed the same sentence if the trial court had known it had discretion, we must vacate the defendant's sentence and remand the case for resentencing."); *Muyico v. State*, 50 So. 3d 1227, 1228 (Fla. 4th DCA 2011) (stating that even if "would have imposed" standard was applied, error in reclassifying offense for sentencing was harmless and did not entitle defendant to a de novo resentencing).

Here, the trial court's intention during the oral pronouncements of the sentences is clear: For each molestation count, the trial court unambiguously intended to impose a life sentence. In such a situation, we do not see the need, from a due process, double jeopardy, or any other legal perspective, for requiring a hearing on remand. *See Puzio v. State*, 278 So. 3d 82, 86 (Fla. 4th DCA 2019) (explaining that where the record shows the trial court would have imposed the same sentence, erroneous inclusion of a mandatory minimum provision in a life sentence could be resolved by a ministerial correction by entering a corrected written sentence and defendant's appearance was not required). Instead, rather than elevate form over substance, we hold that on the facts of this case,

---

[2]    In addition to *Hernandez* and *Leon*, Appellant cites *Santana v. State*, 931 So. 2d 954 (Fla. 3d DCA 2006), and *Kennedy v. State*, 564 So. 2d 1127 (Fla. 1st DCA 1990).

the sufficient remedy to correct the sentencing error is for the trial court on remand to enter a corrected written sentence for each molestation count which removes the twenty-five year mandatory minimum provision. We also clarify that the sentencing errors regarding the molestation counts in this case involve *removing* a provision in a written sentence erroneously and orally pronounced at the sentencing hearing, rather than adding a required provision that was not orally pronounced at the original sentencing hearing. In other words, the correction of the sentences as to the molestation counts in this case can be resolved by the ministerial act of entering correctly worded written sentences which remove the mandatory minimum sentence provisions, and a hearing and Appellant's presence is not required to make the correction. *See id.*

*The Attempted Sexual Battery Judgments*

Appellant argues and the State concedes that remand is necessary to correct a scrivener's error in the judgments entered for the two attempted sexual battery counts.

Counts 4 and 5 of the information charged Appellant with attempted sexual battery in violation of section 794.011(2), Florida Statutes (2016) (the pertinent sexual battery statute), and section 777.04, Florida Statutes (2016) (regarding inchoate offenses). Appellant pled to both counts as charged. However, while the written judgment for each count properly refers to the offense as "attempted sexual battery on a child under 12 by perpetrator 18 or older," the judgment only cites section 794.011(2) and fails to include a citation to section 774.04. Because the judgment should include a citation to the attempt statute as well, we remand to correct this scrivener's error in the written judgments. Since correction of the written judgment in this case is a ministerial act, neither resentencing nor Appellant's presence is required for this purpose. *See Walker v. State*, 288 So. 3d 694, 696 (Fla. 4th DCA 2019).

*Public Defender Fee*

Appellant argues that the trial court imposed an amount for public defender fees or costs in excess of the amount he agreed to in the plea form and without notice of the higher amount or notice of his right to contest the assessment. The State concedes the error on this issue.

As a remedy, Appellant requests that we remand with directions that the total public defender fee be reduced to $500. However, the State points out that the case law reflects that upon remand, the trial court may either reduce the public defender fee to the statutorily authorized amount or hold

an evidentiary hearing to provide evidence to support the fee with proper notice to the defendant of his right to contest the amount. *See Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017) ("[W]e reverse the public defender lien and remand to the trial court to reduce the public defender fee to the statutorily required $100 or to hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum."); *see also Taylor v. State*, 214 So. 3d 700, 701 (Fla. 4th DCA 2017) (striking the imposed public defender fee and remanding "for either imposition of the statutorily authorized fee or an evidentiary hearing with notice to the defendant of his right to contest the amount"). In reply, Appellant concedes the State is correct. We therefore reverse the trial courts order assessing the amount of public defender fees and costs and remand for the trial court to either reduce the public defender fee to $500[3] or hold an evidentiary hearing to provide evidence to support the public defender fees and costs assessed with proper notice to the defendant and opportunity to contest the amount.

## *Conclusion*

We agree with Appellant that sentencing errors occurred when the trial court orally pronounced that it was imposing a twenty-five year mandatory minimum sentence as part of the life sentence given for each of the three counts charging lewd or lascivious molestation on a victim less than 12 years of age by an offender 18 years of age or older and entered a written sentence to that effect. We also agree that sentencing errors occurred when the trial court entered written sentences for the two counts of attempted sexual battery without making reference to section 777.04, Florida Statutes. All of those sentencing errors can be corrected by entering corrected written sentences.

We further agree with Appellant that a sentencing error occurred when the trial court imposed a public defender fee for transcription costs and entered a written judgment to that effect without giving Appellant notice of the right to object and without proof supporting the amount after a hearing if Appellant objected. That sentencing error can be corrected either by the ministerial act of entering a written judgment removing the transcription cost or conducting a further hearing with the proper notice.

---

[3] We note that the trial court also entered an order assessing the statutorily required $50 public defender application fee. The public defender application fee assessment was not contested on appeal.

7

Except for the sentencing error regarding the transcription costs, we affirm the life sentences imposed by the trial court as to each count of lewd or lascivious molestation on a victim less than 12 years of age by an offender 18 years of age or older and the thirty-year sentences for each count of attempted sexual battery. However, we remand for the trial court to perform the ministerial acts of entering corrected written sentences which remove any reference to a mandatory minimum sentence in relation to the life sentences and corrected written sentences for the attempted sexual battery counts which specifically reference section 777.04, Florida Statutes. We further remand for the trial court to either enter a corrected order that removes the assessment of transcription costs incurred by court appointed counsel or conduct an appropriate hearing with the proper notices to support the assessment.

*Affirmed but remanded for corrections as to written sentences.*

WARNER and FORST, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***